State v. Evans

---

STATE OF NORTH CAROLINA v. LEROY EVANS

No. 7510SC132

(Filed 7 May 1975)

Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis

Witnesses' in-court identification of defendant was not tainted by an illegal lineup where the witnesses had ample opportunity to observe defendant at the crime scene, though he was wearing a stocking mask at the time.

APPEAL by defendant from Bailey, Judge. Judgment entered 2 October 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 15 April 1975.

Defendant was indicted on a charge of armed robbery. He pleaded not guilty and was tried before a jury. He was found guilty as charged and the trial court sentenced him to 25 to 30 years imprisonment. Defendant appealed to this Court. Additional facts are set out in the opinion.

*Attorney General Edmisten, by Associate Attorney T. Lawrence Pollard, for the State.*

*William E. Marshall, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant's principal assignment of error concerns the admissibility of the identification testimony of Emik Hanson Etuk and Amos Hanson Etukodah. He contends that the trial court's finding that the witness's in-court identification was not tainted by an illegal lineup is unsupported by clear and convincing evidence. We disagree. At the pretrial voir dire hearing, Etuk testified that on the night of 11 July 1974 he and his brother Etukodah were working at a Seven-Eleven Store in Raleigh. Defendant came in, pointed a gun at Etukodah, and forced the brothers to give him the money in the cash register. Defendant was wearing a stocking mask, which prevented Etuk from seeing all of his face. However, Etuk was able to identify defendant "by his build, complexion, shape of his mouth, shape of his chin and the back of his head." Etukodah testified that he could see through the panty hose and could identify defendant by his facial features. Both witnesses picked defendant out of a seven-man lineup. The court found that the in-court identification of defendant was independently arrived at by each witness. The trial court's findings on the admissibility of identification testimony are conclusive on appeal when supported by competent evidence. *State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974). This assignment of error is overruled.

Defendant further contends that the court erred in denying his motions for nonsuit. In addition to the testimony of Etuk and Etukodah, the State offered circumstantial evidence concerning defendant's arrest near the scene of the robbery and the presence of his fingerprint on a magazine rack in the store. Considered in the light most favorable to the State, the evidence against defendant clearly was sufficient to go to the jury.

No error.

Chief Judge BROCK and Judge PARKER concur.